IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEON BARNES, | ) | |
| No. R-40961, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01277-NJR |
| | ) | |
| TIMOTHY R. VEATH, | ) | |
| TONY D. KENNER, | ) | |
| LANCE W. PHELPS, | ) | |
| JENNIFER HECHT, and | ) | |
| OFFICER NELSON, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Leon Barnes, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on disciplinary convictions meted out while he was housed at Menard Correctional Center, which is located in this judicial district.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

Page **1** of **7**

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on January 15, 2013, an incident occurred on the recreation yard involving multiple inmates. As a result, Plaintiff was immediately given a disciplinary ticket for assaulting an inmate. The next day, Internal Affairs officers Nelson and Hecht investigated and informed Plaintiff that he should not worry about the disciplinary ticket he had already received because he would be receiving a ticket from Internal Affairs. According to Nelson, the Internal Affairs ticket would "trump" the initial ticket.

Before receiving a ticket from Internal Affairs, Plaintiff was given a disciplinary hearing and convicted of the assault charge. As punishment, he was given six months in segregation, as well as demotion to C grade and commissary and yard restrictions (s*ee* Doc. 1, p. 16). Plaintiff did not lose any good-time credit. Timothy R. Veath was a member of the Adjustment Committee that convicted Plaintiff. One day later, Plaintiff finally received a second disciplinary ticket from Internal Affairs, charging him with assaulting an inmate and "gang or unauthorized organization activity" (*see* Doc. 1, p. 17). Officer Lance W. Phelps issued the second ticket,

apparently taking over the case from Nelson and Hecht. The two disciplinary tickets and all charges stem from the incident on January 15, 2013 (*compare* Doc. 1, p. 16 *and* pp. 17-19).

The Adjustment Committee—again including Timothy R. Veath, along with Tonya Kenner—conducted a hearing. Plaintiff objected that he had just been convicted of the assault charge. Veath acknowledged remembering Plaintiff and the incident at issue. Veath also stated that if Internal Affairs had told Plaintiff he did not have to worry about the first ticket, then he did not have to worry. Kenner agreed. Nevertheless, the Committee went on to convict Plaintiff of the assault and the gang activity charge. Plaintiff was again punished with six months in segregation, as well as other restrictions, but no loss of good-time credit (*see* Doc. 1, pp. 17-19).

Believing that he did not have to worry about the duplicative charge and punishment, Plaintiff did not pursue an appeal or file an administrative grievance. As he neared completion of what he believed was a cumulative six-month term in segregation, by chance, Plaintiff learned that he was expected to spend a total of twelve months in segregation. Plaintiff's subsequent grievance was denied out of hand because it was deemed untimely—submitted more than sixty days after the incident at issue (*see* Doc. 1, pp. 21-23). Plaintiff asserts that his grievance was not untimely because he had yet to begin serving the second six-month term in segregation.

The named defendants are: Officer Jennifer Hecht; Officer Nelson; Officer Lance W. Phelps; Timothy R. Veath; and Tonya D. Kenner. Plaintiff seeks nominal, compensatory, and punitive damages, as well as affirmative injunctive relief in the form of having one of the two disciplinary convictions expunged.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants subjected Plaintiff to "double jeopardy" in violation of the Fifth Amendment;**
>
> **Count 2: Defendants denied Plaintiff due process in violation of the Fourteenth Amendment; and**
>
> **Count 3: By meting out two punishments for the same conduct, Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.[1]**

## Discussion

As a preliminary matter, the Court observes that it is not entirely clear that Plaintiff was punished twice for the same offense. The first disciplinary ticket and proceeding pertained to a single charge of assaulting an inmate—inmate Sutherland. The second ticket and proceeding pertained to the assault upon inmate Sutherland and to a charge regarding gang activity. In any event, for the reasons that follow, all three of Plaintiff Barnes' constitutional claims—and, therefore, this action—must be dismissed.

Relative to Count 1, the Fifth Amendment's Double Jeopardy Clause protects against prosecuting a person for the same crime after conviction and subjecting a person to multiple punishments for the same crime. *United States v. Halper,* 490 U.S. 435, 440 (1989). However, double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride,* 81 F.3d 717, 721-22 (7th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir.

---

[1] The complaint is not construed as asserting an Eighth Amendment claim regarding the conditions of Plaintiff's confinement. Any such claim would be dismissed because the named defendants are not sufficiently linked to the conditions of confinement for liability to attach. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As will be discussed in greater detail relative to the due process claim, the conditions in segregation appear to have been detailed in order to adequately plead the due process claim.

1994). Prison disciplinary sanctions are civil in nature, not criminal for purposes of the Double Jeopardy Clause. *Ford v. Bender*, 768 F.3d 15, 25 (1st Cir. 2014). Therefore, Count 1 will be dismissed with prejudice. Nevertheless, knowingly filing duplicative charges and imposing a duplicative punishment falls within the realm of the Due Process Clause.

Whether the sort of arbitrary abuse of authority alleged by Plaintiff is properly analyzed under principles of substantive due process or procedural due process is far from clear, although procedural due process appears to be the better tack. *See Leslie v. Doyle*, 125 F.3d 1132, 1136 (7th Cir. 1998). Regardless, no due process claim can succeed based upon Plaintiff's allegations.

Substantive due process and procedural due process claims must rest upon a liberty interest. *See Hayden ex rel. A.H. v. Greensburg Community School Corp.*, 743 F.3d 569, 574-75 (7th Cir. 2014) (*in re* substantive due process); *see also Armato v. Grounds*, 766 F.3d 713, 721-722 (7th Cir. 2014) (*in re* procedural due process). Placement in disciplinary segregation may trigger a liberty interest, if the length of time is substantial or the conditions are unusually harsh. *See Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014). Under *Sandin v. Conner,* 515 U.S. 472 (1995), a prisoner is entitled to procedural due process protections before being subjected to segregation imposing "an atypical and significant hardship." *Id.* at 486. The Court of Appeals for the Seventh Circuit has described this threshold as being triggered by "conditions *materially* more onerous than 'the ordinary incidents of prison life.'" *Marion v. Radtke,* 641 F.3d 874, 875 (7th Cir. 2011) (quoting *Sandin,* 515 U.S. at 484) (emphasis added). In Plaintiff's situation, neither his length of confinement in segregation nor the conditions of confinement trigger due process protections.

Plaintiff does not contest the basis of *a* disciplinary conviction for assaulting inmate Sutherland; rather, he takes issue with being convicted and punished twice for the same disciplinary infraction (*see* Doc. 1, p. 8, ¶ 16).  Thus, it is the second six month term in segregation that is at issue, as opposed to the combined twelve month term.  Six months in segregation, alone, is not a protectable liberty interest.  *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir.2009) (six month segregation term, by itself, was insufficient to trigger due process rights).

Regarding the conditions of confinement in segregation, Plaintiff complains that he is "restricted from carrying out the ordinary incidents of prison life that he is lawfully entitled to had he not been unconstitutionally held in segregation" [sic] (Doc. 1, p. 11).  He also describes being held in "a small isolated dirty cell where inmates are not permitted cleaning supplies such as disinfectant which they are given to clean their cells when they are not in segregation" [sic](Doc. 1, p. 11).  That is by no means a description of materially more onerous conditions imposing an atypical and significant hardship.  Therefore, Count 2, the due process claim, will be dismissed with prejudice.

Count 3 focuses on the fact that Plaintiff's time in disciplinary segregation has been doubled, amounting to cruel and unusual punishment.  The Eighth Amendment prohibits "cruel and unusual" punishment, which generally encompasses a claim such as this, regarding an abuse of power.  *Leslie*, 125 F.3d at 1137(citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988)).  However, "the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, it prohibits the abuse of power that effects a *significant* deprivation."  *Leslie*, 125 F.3d at 1137 (internal citation omitted; emphasis in original).  Again, an additional six months in

disciplinary segregation does not rise to that level—it does not "shock the conscience." *Id*. (citing *Rochin v. California*, 342 U.S. 165, 172 (1952) (a due process case)). Consequently, Count 3, the Eighth Amendment claim, will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-3** are **DISMISSED with prejudice**; consequently, this entire action is **DISMISSED with prejudice**. Judgment will enter accordingly. Because the complaint fails to state a single claim upon which relief can be granted, a strike will be assessed against Plaintiff Barnes for purposes of 28 U.S.C. § 1915(g).

Plaintiff is reminded that, although the action has been dismissed, his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Court notes that the filing fee was paid in full yesterday.

**IT IS SO ORDERED.**

**DATED: December 11, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**