IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON BARNES, <br> No. R-40961, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | )    Case No. 14-cv-01277-NJR <br> ) |
| TIMOTHY R. VEATH, <br> TONY D. KENNER, <br> LANCE W. PHELPS, <br> JENNIFER HECHT, and <br> OFFICER NELSON, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Leon Barnes, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on disciplinary convictions meted out while he was housed at Menard Correctional Center, which is located in this judicial district. Upon preliminary review, the complaint was dismissed with prejudice and judgment was entered accordingly (Docs. 4, 5).

Pursuant to Federal Rule of Civil Procedure 59(e), Barnes now moves to alter or amend that judgment (Doc. 6). For the reasons that follow, the motion will be granted, at least in part.

## Background

*The Complaint*

According to the complaint (Doc. 1), on January 15, 2013, an incident occurred on the recreation yard involving multiple inmates. As a result, Plaintiff was immediately given a disciplinary ticket for assaulting an inmate. The next day, Internal Affairs officers Nelson and

Hecht investigated and informed Plaintiff that he should not worry about the disciplinary ticket he had already received because he would be receiving a ticket from Internal Affairs. According to Nelson, the Internal Affairs ticket would "trump" the initial ticket.

Before receiving a ticket from Internal Affairs, Plaintiff was given a disciplinary hearing and convicted of the assault charge. As punishment, he was given six months in segregation, as well as demotion to C grade and commissary and yard restrictions (s*ee* Doc. 1, p. 16). Plaintiff did not lose any good-time credit. Timothy R. Veath was a member of the Adjustment Committee that convicted Plaintiff. One day later, Plaintiff finally received a second disciplinary ticket from Internal Affairs, charging him with assaulting an inmate and "gang or unauthorized organization activity" (*see* Doc. 1, p. 17). Officer Lance W. Phelps issued the second ticket, apparently taking over the case from Nelson and Hecht. The two disciplinary tickets and all charges stem from the January 15, 2013, incident (*compare* Doc. 1, p. 16 *and* pp. 17-19).

The Adjustment Committee—again including Veath, along with Tonya D. Kenner—conducted a hearing. Plaintiff objected that he had just been convicted of the assault charge. Veath acknowledged remembering Plaintiff and the incident at issue. Veath also stated that if Internal Affairs had told Plaintiff he did not have to worry about the first ticket, then he did not have to worry. Kenner agreed. Nevertheless, the Committee went on to convict Plaintiff of the assault and the gang activity charges. Plaintiff was again punished with six months in segregation, as well as other restrictions, but no loss of good-time credit (*see* Doc. 1, pp. 17-19).

Believing that he did not have to worry about the duplicative charges and punishment, Plaintiff did not pursue an appeal or file an administrative grievance. As he neared completion of what he believed was a cumulative six-month term in segregation, by chance, Plaintiff learned that he was expected to spend a total of 12 months in segregation. Plaintiff's subsequent

grievance was denied out of hand because it was deemed untimely—submitted more than 60 days after the incident at issue (*see* Doc. 1, pp. 21-23). Plaintiff asserts that his grievance was not untimely because he had yet to begin serving the second six-month term in segregation.

The named defendants are: Officer Jennifer Hecht; Officer Nelson; Officer Lance W. Phelps; Timothy R. Veath; and Tonya D. Kenner. Plaintiff seeks nominal, compensatory and punitive damages, as well as affirmative injunctive relief in the form of having one of the two disciplinary convictions expunged.

Based on the allegations in the complaint, the Court previously recognized the following possible claims:

> **Count 1: Defendants subjected Plaintiff to "double jeopardy" in violation of the Fifth Amendment;**
>
> **Count 2: Defendants denied Plaintiff due process in violation of the Fourteenth Amendment; and**
>
> **Count 3: By meting out two punishments for the same conduct, Defendants subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.**

*The Order of Dismissal*

The Court's initial analysis of the complaint recognized that it is not entirely clear that Plaintiff Barnes was punished twice for the same offense. The first disciplinary ticket and proceeding pertained to a single charge of assaulting an inmate—inmate Sutherland. The second ticket and proceeding pertained to the assault upon inmate Sutherland and to a charge regarding gang activity. In any event, all three of Plaintiff Barnes's constitutional claims were dismissed.

Count 1 was dismissed because the Fifth Amendment's Double Jeopardy Clause does not apply in the prison disciplinary context. *See Meeks v. McBride,* 81 F.3d 717, 721-22 (7th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994). Prison disciplinary sanctions are

civil in nature, not criminal for purposes of the Double Jeopardy Clause. *Ford v. Bender*, 768 F.3d 15, 25 (1st Cir. 2014).

The due process claim in Count 2 was dismissed because, although knowingly filing duplicative charges and imposing a duplicative punishment falls within the realm of the Due Process Clause, the Court did not perceive from the complaint that a liberty interest was at stake. Placement in disciplinary segregation may trigger a liberty interest, if the length of time is substantial or the conditions are unusually harsh. *See Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014). Under *Sandin v. Conner,* 515 U.S. 472 (1995), a prisoner is entitled to procedural due process protections before being subjected to segregation imposing "an atypical and significant hardship." *Id.* at 486. The Court of Appeals for the Seventh Circuit has described this threshold as being triggered by "conditions *materially* more onerous than 'the ordinary incidents of prison life.'" *Marion v. Radtke,* 641 F.3d 874, 875 (7th Cir. 2011) (quoting *Sandin,* 515 U.S. at 484) (emphasis added). The Court concluded that—based on the allegations in the complaint—neither Barnes's length of confinement in segregation nor the conditions of confinement triggered due process protections.

More specifically, it was noted that Plaintiff does not contest the basis of *a* disciplinary conviction for assaulting inmate Sutherland; rather, he takes issue with being convicted and punished twice for the same disciplinary infraction (*see* Doc. 1, p. 8, ¶ 16). Thus, the Court perceived that it is the second six-month term in segregation that is at issue, as opposed to the combined 12-month term. Six months in segregation, alone, is not a protectable liberty interest. *See Marion v. Columbia Corr. Inst.,* 559 F.3d 693, 698 (7th Cir.2009) (six month segregation term, by itself, was insufficient to trigger due process rights).

Regarding the conditions of confinement in segregation, Plaintiff complains that he is "restricted from carrying out the ordinary incidents of prison life that he is lawfully entitled to had he not been unconstitutionally held in segregation" [sic] (Doc. 1, p. 11). He also describes being held in "a small isolated dirty cell where inmates are not permitted cleaning supplies such as disinfectant which they are given to clean their cells when they are not in segregation" [sic] (Doc. 1, p. 11). That was not viewed by the Court as a description of materially more onerous conditions imposing an atypical and significant hardship. Therefore, Count 2, the due process claim, was dismissed with prejudice.

Count 3, regarding whether the alleged doubling of Plaintiff's time in disciplinary segregation amounted to cruel and unusual punishment, was also dismissed. It was recognized that the Eighth Amendment prohibits "cruel and unusual" punishment, including the abuse of power. *Leslie*, 125 F.3d at 1137 (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995); *Williams v. Boles*, 841 F.2d 181, 183 (7th Cir. 1988)). The Constitution also prohibits the abuse of power that effects a *significant* deprivation." *Leslie*, 125 F.3d at 1137 (internal citation omitted; emphasis in original). Again, an additional six months in disciplinary segregation was not perceived as rising to a level that shocked the conscience. *Id*. (citing *Rochin v. California*, 342 U.S. 165, 172 (1952) (a due process case)).

### **Rule 59(e) Motion**

Plaintiff Barnes now argues that the order of dismissal and judgment should be altered or vacated for several reasons. Barnes views the second disciplinary ticket as impermissibly being intended to double his punishment for the assault upon inmate Sutherland—a means to impose a longer disciplinary sentence than is prescribed by prison rules. He contends Defendants acted "in bad faith" (Doc. 5, p. 5). And Barnes again asserts that the conditions in segregation were so

harsh as to "shock the general conscience" (Doc. 6, p. 3). Rather than elaborating on the assertion in the complaint that his cell was dirty, the motion focuses on the fact that he was isolated in a solitary cell, which is much different from the conditions of ordinary prison life (Doc. 5, pp. 3-4). The Rule 59(e) motion also elaborates that the second disciplinary conviction—the Adjustment Committee Report—does not state the facts and rationale for the Committee's conclusion(s), as mandate by *Wolff v. McDonnell*, 418 U.S. 539 (1974).

### Analysis

*Count 1*

Plaintiff's double jeopardy claim, Count 1, fails as a matter of law and, therefore, cannot be revived. The Fifth Amendment's Double Jeopardy Clause does not apply in the prison disciplinary context. *See Ford v. Bender*, 768 F.3d 15, 25 (1st Cir. 2014); *Meeks v. McBride,* 81 F.3d 717, 721-22 (7th Cir. 1996); *Garrity v. Fiedler*, 41 F.3d 1150, 1152 (7th Cir. 1994). The dismissal of Count 1 with prejudice shall stand.

*Counts 2 and 3*

The Court has always recognized that it is not entirely clear that Plaintiff Barnes was punished twice for the same offense. The first disciplinary ticket and disciplinary proceeding pertained to a single charge of assaulting an inmate—inmate Sutherland. The second ticket and proceeding pertained to the assault upon inmate Sutherland *and* to a charge regarding gang activity. Thus, it is possible that the Adjustment Committee—Timothy R. Veath and Tonya D. Kenner—knowingly and deliberately imposed a second punishment for a single offense, which could violate the Due Process Clause of the Fourteenth Amendment and amount cruel and unusual punishment in violation of the Eighth Amendment. Furthermore, although the Adjustment Committee *did* offer a detailed statement of reasons for why Barnes was convicted,

the report indicates that Plaintiff was found guilty of *both* assaulting Southerland and gang activity. How the two disciplinary offenses factored into the punishment imposed remains to be seen. In addition, depending on the exact circumstances and length of time, solitary confinement could implicate a liberty interest.

Because key questions remain, the Court will now recognize colorable Fourteenth and Eight Amendment claims, but that does not end the analysis.

*Personal Involvement*

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

As already noted, it is clear that Adjustment Committee members Veath and Kenner were involved in the second disciplinary hearing, which is at the heart of Counts 2 and 3. The other three named defendants, however, were not sufficiently involved in the disciplinary hearing and imposition of punishment that are at issue Counts 2 and 3.

Jennifer Hecht and Officer Nelson merely told Plaintiff (after he received the first disciplinary report from George Holton) that any second disciplinary report issued by Internal Affairs should trump the first report. Hecht and Nelson voicing their opinion does not amount to a constitutional violation. The second ticket had not even been issued, and there is no link between Hecht and Nelson and the Adjustment Committee's decision to (arguably) impose a second punishment for a single infraction. Hecht and Nelson will be dismissed without prejudice.

Lance W. Phelps issued the second disciplinary report, but there is no suggestion that he knew that the ticket was (arguably) duplicative or that he had any involvement in the Adjustment

Committee's decisions regarding guilt and punishment. Phelps, therefore, also will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff Barnes's Rule 59(e) motion (Doc. 6) is **GRANTED in part AND DENIED in part**. Accordingly, the Court's Order and Judgment (Docs. 4, 5) are **VACATED**, and the "strike" assessed against Plaintiff for purposes of 28 U.S.C. § 1915(g) is also **VACATED**. The Clerk of Court shall **REOPEN** this action.

**IT IS FURTHER ORDERED** that **COUNT 1**, the "double jeopardy" claim, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants **LANCE W. PHELPS, JENNIFER HECHT and OFFICER NELSON** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 2 and COUNT 3** shall **PROCEED** against Defendants **TIMOTHY R. VEATH and TONYA D. KENNER**.

The Clerk of Court shall prepare for Defendants **TIMOTHY R. VEATH and TONYA D. KENNER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 21, 2015**

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**