IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1277-NJR-DGW |
| | ) |
| TIMOTHY R. VEATH and TONYA D. KENNER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on Plaintiff Leon Barnes's objection to Magistrate Judge Donald G. Wilkerson's Order dated February 22, 2016, which denied Plaintiff's request to amend his complaint in order to add Lance Phelps as a defendant (Doc. 22). For the reasons explained below, the appeal is denied, and Magistrate Judge Wilkerson's Order dated February 22, 2016 is affirmed.

## BACKGROUND

Plaintiff previously alleged a claim against Lance Phelps for denying him due process in violation of the Fourteenth Amendment and by subjecting him to cruel and unusual punishment in violation of the Eighth Amendment (Doc. 9). On September 21, 2015, the undersigned allowed Counts 2 and 3 to proceed on the basis that "it is possible that the Adjustment Committee—Timothy R. Veath and Tonya D. Kenner—knowingly and deliberately imposed a second punishment for a single offense, which could violate the Due Process Clause of the Fourteenth Amendment and amount to cruel and unusual

punishment in violation of the Eighth Amendment." (Doc. 9, p. 6). Finding that there was no suggestion that Defendant Phelps "knew that the ticket was (arguably) duplicative or that he had any involvement in the Adjustment Committee's decisions regarding guilt and punishment," the Court dismissed Defendant Phelps from this action without prejudice (Doc. 9, p. 7-8).

Approximately two months later, on November 30, 2015, Plaintiff filed a motion seeking leave to amend his complaint (Doc. 18). The proposed first amended complaint sought to reinstate his claims against Defendant Phelps. Magistrate Judge Donald Wilkerson denied Plaintiff's motion on February 22, 2016 (Doc. 21). Specifically, Magistrate Judge Wilkerson noted that Plaintiff's new allegations against Defendant Phelps "do not indicate that [Defendant] Phelps had any involvement in the Adjustment Committee's decisions regarding guilt and punishment and, although his actions may be considered negligent, they are not sufficient to rise to a constitutional violation" (Doc. 21, p. 2-3). Therefore, leave to amend was denied (*Id.*).

Plaintiff then sought reconsideration of that ruling (Doc. 22), which actually appears to be an appeal of Magistrate Judge Wilkerson's Order directed to the undersigned.

### DISCUSSION

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.,*

*Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (cited by *S Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001)).

Generally, a motion for leave to amend a pleading is evaluated under Rule 15(a)(2), which provides that courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing a motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Compania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)).

In his objection, Plaintiff argues that Defendant Phelps did not have to have participated directly in the deprivation as he was "fully aware that Plaintiff had already received a ticket and was not satisfied and initiated the 'duplicitous' infraction, which is undoubtedly the affirmative link between the action complained about by the Plaintiff." (Doc. 22, p. 3). Plaintiff indicates that this awareness by Defendant Phelps is demonstrated by the fact that, sometime in May 2013 (*after* the adjustment committee decision), Plaintiff alerted Defendant Phelps that he was serving six additional months, and Defendant Phelps indicated that he would check it out and get it fixed, but did nothing to correct his own mistake.

The Court recognizes that personal responsibility can be found "if the conduct

causing the constitutional deprivation occurs at [the officer's] direction or with [his] knowledge and consent.'" *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)). "That is, he 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . . .'" *Id.* (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). But the Court agrees with Magistrate Judge Wilkerson's assessment that Plaintiff's allegations do not suggest that Defendant Phelps knew that the ticket was duplicative when he wrote it, simply because Plaintiff had a conversation with him after the fact, and Defendant Phelps never addressed his complaints. Nor was Defendant Phelps involved in the disciplinary hearing that resulted in the imposition of punishment.

## CONCLUSION

Accordingly, Plaintiff Leon Barnes's objection to Magistrate Judge Wilkerson's Order dated February 22, 2016 (Doc. 22) is **DENIED**, and Magistrate Judge Wilkerson's Order dated February 22, 2016 (Doc. 21) is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:   March 13, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**