IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON BARNES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:14-CV-1277-NJR-DGW ) |
| TIMOTHY R. VEATH and TONYA D. KENNER, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Timothy R. Veath and Tonya D. Kenner (Doc. 44). For the reasons set forth below, the Motion is granted.

### I. Procedural Background

Plaintiff Leon Barnes ('Barnes") is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Barnes filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Barnes alleges that he received two disciplinary tickets related to the same January 15, 2013 incident and, despite being advised of this issue, members of the Adjustment Committee, Timothy Veath and Tonya Kenner, imposed punishment for the duplicative charge.

The complaint was screened pursuant to 42 U.S.C. § 1983, and Barnes was

allowed to proceed on the following claims against Defendant Veath and Kenner (as numbered in the Court's screening order):

Count Two: Defendants denied Barnes due process in violation of the Fourteenth Amendment; and

Count Three: By meting out two punishments for the same conduct, Defendants subjected Barnes to cruel and unusual punishment in violation of the Eighth Amendment.

Defendants Veath and Kenner now move for summary judgment asserting Barnes's due process rights were not violated and the disciplinary charges and subsequent punishment did not amount to cruel and unusual punishment. Along with their motion, Defendants filed a notice pursuant to Rule 56 of the Federal Rules of Civil Procedure. That notice informed Barnes of the contents of Rule 56 and notified him of the perils of failing to respond within the proper timeframe of thirty days (*see* Doc. 46). Defendants' notice also informed Barnes that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of their motion pursuant to Local Rule 7.1(c) (*id.*). Despite receiving adequate notice, Barnes failed to file a response by the deadline of September 25, 2017 (and there is no response on file as of the date of this Order). The Court deems Barnes's failure to file a response to be an admission as to the merits of Defendants' motion.

## II.  FACTUAL BACKGROUND

The claims stem from an incident on January 15, 2013, wherein Barnes was involved in an assault on another inmate. Barnes was issued a disciplinary ticket for an offense of "102 – assaulting any person" on January 15, 2013 by Lt. Holton (*see* Doc. 45-1).

A hearing on the ticket was held before the Adjustment Committee, Scott Minh and Timothy Veath, on January 18, 2013 (*see* Doc. 45-2; *see also* Affidavit of Timothy Veath, Doc. 48, ¶ 3). Barnes was found guilty of the offense, and the Committee imposed the following disciplinary action: (1) six months "C grade"; (2) six months segregation; (3) six months commissary restriction; and (4) three months yard restriction (*see* Doc. 45-2; *see also* Doc. 48, ¶ 3).

Barnes was subsequently issued a second disciplinary ticket stemming from the January 15, 2013 incident. That ticket was issued on January 25, 2013, and it charged Barnes with the offense of "102—assaulting any person" and the offense of "205—security threat group or unauthorized organization activity" (*see* Doc. 45-3, p. 1). A hearing on the January 25, 2013 ticket was held on January 29, 2013 before Adjustment Committee members Timothy Veath and Tonya Kenner (Doc. 48, ¶ 4 *see* Doc. 45-4). Barnes was found guilty of both charges (*Id.*). At the January 29, 2013 hearing, Barnes advised Defendants that he had already been found guilty and received punishment for the assault charge (Doc. 48, ¶ 4[1]). Defendant Veath recalls telling Barnes that he was not receiving discipline for the assault charge; instead, he was only receiving discipline for the gang activity charge (*Id.*). The Committee imposed the following disciplinary action: (1) six months "C grade"; (2) six months segregation; (3) six months commissary restriction; and (4) six months contact visits restriction (*Id.*; *see* Doc. 45-4, p. 3).

---

[1] Defendant Veath's affidavit contains a chronological numbering error insofar as he includes two statements designated as paragraph four. This citation is in reference to his second statement numbered as paragraph four.

### III.　LEGAL STANDARD

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). S*ee also Ruffin Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted).

## IV. DISCUSSION

**A. Fourteenth Amendment Due Process Claim (Count Two)**

Barnes asserts he was not afforded due process insofar as he was punished twice for the same offense and, as a result, he was confined to segregation for one year.

Although incarceration necessarily makes many rights and privileges of ordinary citizens unavailable, "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974). In particular, prisoners may not be deprived of life, liberty, or property without due process of law. *Id.* at 556 (citations omitted). In substantiating a due process claim, a plaintiff must establish that: (1) there was a protected interest at stake that necessitated the protections demanded by due process; and (2) the disciplinary hearing process was not in accordance with procedural due process requirements. *See Crane v. Logli*, 992 F.2d 136, 138 (7th Cir. 1993).

With respect to the first showing, a liberty interest only exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In assessing whether disciplinary segregation amounts to a constitutional violation," courts are directed to look to "the combined import of the duration of the segregative confinement *and* the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quotation omitted) (emphasis in original). The evidence here suggests Barnes was placed in segregation for approximately twelve months; however, there is no evidence concerning the conditions

he endured during this time.[2] Without any evidence demonstrating that the conditions in segregative confinement were atypical or significantly harsher than the conditions in the general prison population, the Court cannot find that Barnes suffered a deprivation of a liberty interest that entitled him to due process protections. *See Sandin*, 515 U.S. at 486 (comparing disciplinary segregation to other forms of segregation); *Bryan v. Duckworth*, 88 F.3d 431, 434 (7th Cir. 1996) *abrogated on other grounds, Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir.1998) ("If the conditions of confinement in segregation were not so different from those of the general prison population as to work a major disruption in his environment, or equivalently an atypical, significant deprivation, then, however protracted, it would not count as a deprivation of liberty; the decrement of liberty would be too slight. But if conditions in segregation were considerably harsher than those of the normal prison environment—a factual issue requiring for its resolution a comparison between the conditions of confinement of the general population and those in the segregation unit—then a year of it might count as a deprivation of liberty where a few days or even weeks might not" (quotation marks and citation omitted)).

Based on the foregoing, the Court need not consider whether the disciplinary hearing process was in accordance with due process requirements. Defendants are entitled to judgment as a matter of law on Count Two, the Fourteenth Amendment claim.

**B. Eighth Amendment Cruel and Unusual Punishment Claim (Count Three)**

In Count Three, Barnes claims that he was subjected to cruel and unusual

---

[2] Barnes describes some conditions he endured while in segregation in his complaint; however, his complaint was not verified and, as such, it has no evidentiary value.

punishment as he was punished twice for the same offense. It is well settled that, although the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (*citing Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted)). As such, the Seventh Circuit holds that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Id.* (citation omitted). In order to prevail on such a claim, two requirements must be met. *Id.* "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Second, a prison official "must have a sufficiently culpable state of mind", mainly "deliberate indifference." *Id.*

At the outset, it is not apparent that Barnes's confinement to segregation for twelve months resulted in a deprivation that was objectively sufficiently serious given the lack of evidence concerning the conditions of the confinement. This point need not be dispositive here, however, because Defendants have provided sufficient, undisputed evidence that they did not act with deliberate indifference. In particular, Defendant Veath attests that punishment on the same charge was not meted out twice. Rather, Defendant Veath explains that Barnes received an additional six months in segregation due to a finding of guilt on the "205" offense—"security threat group or unauthorized organization activity"—not the "102" offense at the second Adjustment Committee hearing. As Barnes has not provided any evidence to dispute Defendant Veath's attestation, the Court finds that no reasonable jury could conclude that Defendants

Veath or Kenner acted with deliberate indifference in imposing a punishment of an additional six months in segregation at the January 29, 2013 hearing.

## V. CONCLUSION

Based on the foregoing, the Motion for Summary Judgment filed by Defendants Timothy R. Veath and Tonya D. Kenner (Doc. 44) is **GRANTED**. This action is **DISMISSED with prejudice,** and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 13, 2017**

*（signature）*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**